UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | DOCKET NO. 3:22-cr-141-RJC |
| v. ) | |
| ) | **FACTUAL BASIS** |
| SOHEIL AKHAVAN REZAIE ) | |
| ) | |

NOW COMES the United States of America, by and through Dena J. King, United States Attorney for the Western District of North Carolina, and hereby files this Factual Basis in support of the plea agreement filed simultaneously in this matter.

This Factual Basis is filed pursuant to Local Criminal Rule 11.2 and does not attempt to set forth all of the facts known to the United States at this time. By their signatures below, the parties expressly agree that there is a factual basis for the guilty plea(s) that the defendant will tender pursuant to the plea agreement, and that the facts set forth in this Factual Basis are sufficient to establish all of the elements of the crime(s). The parties agree not to object to or otherwise contradict the facts set forth in this Factual Basis.

Upon acceptance of the plea, the United States will submit to the Probation Office a "Statement of Relevant Conduct" pursuant to Local Criminal Rule 32.4. The defendant may submit (but is not required to submit) a response to the Government's "Statement of Relevant Conduct" within seven days of its submission. The parties understand and agree that this Factual Basis does not necessarily represent all conduct relevant to sentencing. The parties agree that they have the right to object to facts set forth in the presentence report that are not contained in this Factual Basis. Either party may present to the Court additional relevant facts that do not contradict facts set forth in this Factual Basis.

1. Beginning in or about 2021 and continuing through at least March 2022, the defendant, SOHEIL AKHAVAN REZAIE, and others known and unknown, engaged in a wire fraud scheme in and around Mecklenburg County, North Carolina, and elsewhere, designed to obtain money under the custody and control of various financial institutions through false and fraudulent pretenses. REZAIE and others stole large quantities of mail, including business and individual checks, credit cards, tax forms, bank and other financial statements, and other personal identifying information. REZAIE caused, and attempted to cause, hundreds of thousands of dollars in losses by depositing stolen business and individual checks into bank accounts, thereby triggering credits to the accounts, and then withdrawing as much of the funds as possible before the victims learned the deposited checks were stolen.

2. It was part of the scheme and artifice to defraud that:

   a. REZAIE and others targeted residential neighborhood delivery collection

box units ("mailboxes") in and around Charlotte, North Carolina, and elsewhere, to steal mail, including business and individual checks, credit cards, tax forms, bank and other financial statements, and other personal identifying information belonging to the mail theft victims.

      b.     REZAIE used the stolen personal identifying information to obtain additional information about victims, including their former addresses, social security numbers, phone numbers, and employment information.

      c.     REZAIE altered, and caused to be altered, the amounts of the stolen checks and also altered and caused to be altered the names of the payees on the stolen checks to his own name. In other instances, REZAIE obtained stolen blank checks and wrote the checks to himself.

      d.     REZAIE created false identification documents, including drivers' licenses, that contained his picture with the names and drivers' license numbers of victims.

      e.     REZAIE opened and accessed, and caused to be opened and accessed, accounts in his name at banks, brokerage companies, and other financial institutions ("accounts"). REZAIE then deposited, and caused to be deposited, the stolen checks into his accounts, thereby increasing the value of the accounts by the amounts of the stolen checks.

      f.     After the funds were credited to his accounts, REZAIE withdrew, and caused to be withdrawn, as much of the cash as possible through automated teller machine transactions, teller withdrawals, and transfers to other accounts he controlled before the victims realized the checks were stolen.

3.     From in or about January 2022 through in or about March 2022, in Mecklenburg County, within the Western District of North Carolina and elsewhere, the defendant, REZAIE with the intent to defraud, did knowingly and intentionally devise the above described scheme and artifice to defraud and obtain money by materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing such scheme and artifice to defraud, did cause to be transmitted by means of wire communication in interstate and foreign commerce any writing, sign, signal, picture, or sound, namely, interstate wires, including, among others: wires associated with deposits of stolen checks, among others.

4.     The amount of loss that was known to or reasonably foreseeable by the defendant was in excess of $150,000.

2

DENA J. KING
UNITED STATES ATTORNEY

*Caryn Finley*
_____
Caryn Finley
ASSISTANT UNITED STATES ATTORNEY

<u>Defendant's Counsel's Signature and Acknowledgment</u>

I have read this Factual Basis, the Bill of Information, and the plea agreement in this case, and have discussed them with the defendant. Based on those discussions, I am satisfied that the defendant understands the Factual Basis, the Bill of Information, and the plea agreement. I hereby certify that the defendant does not dispute this Factual Basis.

*David A. Brown*                                    DATED: 5/31/22
_____
David Brown, Attorney for Defendant

3